UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JULIO PEREZ-CASTRO, | ) | CASE NO. C05-2052-RSL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| A. NEIL CLARK, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

I. <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

On December 9, 2005, petitioner filed, through counsel, a Petition for Writ of Habeas Corpus, Complaint for Declaratory and Injunctive Relief, and Request for Stay of Deportation. (Dkt. #1). Petitioner seeks a writ of habeas corpus "to prevent his unlawful removal, to provide an opportunity for him to have meaningful review of the changed equities of his immigration case, and to enjoin Respondents from deporting Petitioner, finding him ineligible for relief, and/or subject to detention and deportation from the United States." (Dkt. #1 at 1). The Court subsequently granted petitioner a temporary stay of deportation, *pendente lite*. (Dkt. #2). On February 10, 2006, respondents filed return and motion to dismiss. (Dkt. #12). Respondents

argue that this Court lacks subject matter jurisdiction to hear this case under the REAL ID Act of 2005.

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #1) be DENIED and respondents' motion to dismiss (Dkt. #12) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner Julio Cesar Perez-Castro is a native and citizen of Guatemala. (Dkt. #13 at L114). On or about June 1989, he entered the United States without inspection at San Ysidro, California. (Dkt. #13 at L29-36).

On March 29, 1995, petitioner's sister filed a Form I-130 Petition for Alien Relative on petitioner's behalf. (Dkt. #13 at L17-21). On June 12, 1995, the petition was approved. [1] *Id*. According to petitioner, "This petition was withdrawn by Petitioner's sister over a personal disagreement." (Dkt. #1 at 4, fn 1).

On March 26, 1996, petitioner pled guilty in the Superior Court for the City and County of San Francisco, to the felony offense of Unlawful Sexual Intercourse with a Minor, in violation of Section 261.5 of the California Penal Code. (Dkt. #13 at R72, L51). On March 26, 1996, the former Immigration and Naturalization Service ("INS")(now known as U.S. Immigration and Customs Enforcement ("ICE")), issued an Order to Show Cause, placing petitioner in deportation

---

[1] "Approval of the 'I-130 petition does not automatically entitle the alien to adjustment of status as an immediate relative of a United States citizen.'" *Ngongo v. Ashcroft*, 397 F.3d 821, 823 (9th Cir. 2005)(quoting *Agyeman v. INS*, 296 F.3d 871, 879 (9th Cir. 2002). "An approved visa petition is merely a preliminary step in the visa application process. It does not guarantee that a visa will be issued, nor does it grant the alien any right to remain in the United States." *Ramilo v. DOJ*, 13 F. Supp. 2d 1055, 1057 n.3 (citing *Tongatapu v. Woodcraft Hawaii, Ltd. v. Feldman*, 736 F.2d 1305, 1308 (9th Cir. 1984)).

01  proceedings, and alleging that petitioner was deportable under former Section 241(a)(1)(B) of the
02  Immigration and Nationality Act ("INA"), for entering the United States without inspection. (Dkt.
03  #13 at L25-26). On January 7, 1997, the INS lodged an additional charge of deportability
04  pursuant to former INA § 241(a)(2)(A)(iii), based on petitioner's March 26, 1996, felony
05  conviction. (Dkt. #13 at L46).

06  At a hearing in Immigration Court on January 20, 1998, petitioner made no requests for
07  relief from deportation other than to request a continuance. (Dkt. #13 at R37). The Immigration
08  Judge ("IJ") denied petitioner's request for a continuance and ordered him deported to Guatemala.
09  (Dkt. #13 at L52). Petitioner reserved appeal of the IJ's decision until February 19, 1998. *Id*.

10  On February 23, 1998, petitioner, through counsel, appealed the IJ's decision to the Board
11  of Immigration Appeals ("BIA"), arguing that the IJ erred in denying him the right to apply for
12  withholding of removal. (Dkt. #13 at L53-57). On August 19, 1998, the BIA dismissed the
13  appeal as untimely. (Dkt. #13 at L58). The BIA's decision rendered the IJ's deportation order
14  administratively final.

15  On January 10, 2000, the INS sent a Form I-340, Notice to Deliver Alien, by certified mail
16  to Victoria Perez, obliger of petitioner's $1,000 immigration bond, directing petitioner to
17  surrender for deportation on February 2, 2000. Petitioner failed to appear. (Dkt. #13 at L62-63).

18  On September 7, 2005, petitioner was apprehended by ICE and is currently in the custody
19  of ICE as an alien with a final order of deportation. (Dkt. #13 at R109). On September 14, 2005,
20  ICE reissued Forms I-205 and I-294, Warrant for Removal/Deportation and Warning to Alien
21  ordered Removed or Deported. (Dkt. #13 at L116-118).

22  On September 16, 2005, petitioner filed a motion to reopen his deportation proceedings

REPORT AND RECOMMENDATION
PAGE -3

01 and for an emergency motion for stay of deportation with the Immigration Court in San Francisco,
02 claiming ineffective assistance of former counsel. (Dkt. #13 at L74-82, L 83-85). On September
03 20, 2005, the IJ granted petitioner's motion for stay of removal. (Dkt. #13 at L86-87). On
04 September 22, 2005, however, the IJ denied petitioner's motion to reopen. (Dkt. #13 at L90-91).
05 Petitioner did not appeal the IJ's decision to the BIA.

06 Petitioner filed the instant habeas petition on December 9, 2005. (Dkt. #1). Respondents
07 filed their return and cross-motion to dismiss on February 10, 2006. (Dkt. #12). Petitioner did
08 not file a response. The petition and motion to dismiss are now ready for review.

09 III. DISCUSSION

10 Petitioner concedes that he is "legally inadmissable on several counts," but argues that he
11 is eligible for relief from deportation. (Dkt. #1 at 7). Petitioner prays that this Court order
12 respondents to "Join in Petitioner's efforts to reopen the deportation proceedings on the basis of
13 his application for adjustment of status to permanent residence as authorized and directed." (Dkt.
14 #1 at 8). Respondents argue that the Court lacks jurisdiction to review or grant such relief under
15 the REAL ID Act. (Dkt. #12 at 6).

16 The REAL ID Act, effective May 11, 2005, amended INA § 242, 8 U.S.C. § 1252, to
17 include a specific restriction on review by habeas corpus. Pursuant to Section 106 of the REAL
18 ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252), the exclusive
19 means of asserting a challenge to a final order of deportation, such as the one challenged herein,
20 is to file a Petition for Review with the appropriate court of appeals, which in this case is the Ninth
21 Circuit Court of Appeals. INA § 242(a)(5), (b)(2), 8 U.S.C. § 1252(a)(5), (b)(2); *see also*
22 *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005)("The Act makes the circuit

courts the 'sole' judicial body able to review challenges to final orders of deportation."). Thus, to the extent petitioner is challenging his deportation, this Court is precluded from exercising jurisdiction over his petition under the REAL ID Act. Accordingly, petitioner's habeas petition must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 25th day of April, 2006.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge